**EXHIBIT "1"**

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Frederick Hughes
Plaintiff                                              Case # _____
                                                       Judge _____
vs.
<u>RACETRAC PETROLEUM INC</u>
Defendant

_____

### II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 09/15/2021 04:16:49 PM.****

## CIRCUIT CIVIL

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☒ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☐ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COUNTY CIVIL

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

O Replevins
O Evictions
    O  Residential Evictions
    O  Non-residential Evictions
El Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes C] No E

    IV.    REMEDIES SOUGHT (check all that apply):
    @ Monetary;
    m Nonmonetary declaratory or injunctive relief;
    E] Punitive

    V.    NUMBER OF CAUSES OF ACTION: [ ]
    (Specify)

       1

    VI.    IS THIS CASE A CLASS ACTION LAWSUIT?
       O yes
       @ no

    VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
       @ no
       O yes If "yes," list all related cases by name, case number, and court.
       None

    VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?
       W yes
       O no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Joseph N Nusbaum         Fla. Bar # 114715
       Attorney or party           (Bar # if attorney)

Joseph N Nusbaum        09/15/2021
(type or print name)        Date

Filing # 134683160 E-Filed 09/15/2021 04:16:52 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CASE NO.:

FREDERICK HUGHES,

     Plaintiff,

vs.

RACETRAC PETROLEUM. INC.,

     Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

To Each Sheriff of Said State:

**YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint or Petition, Request for Production of Documents and Interrogatories in this action upon Defendant:

     **BY SERVING:**     **Racetrac Petroleum, Inc.**
                                **Corporate Creations Network, Inc. – Registered Agent**
                                **801 US Highway 1**
                                **North Palm Beach, FL 33408**

Each defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney to wit:

                              **JOSEPH N. NUSBAUM, ESQUIRE**

**Whose address is:**     **BROTMAN NUSBAUM IBRAHIM & ADELMAN**
                              **137 West Royal Palm Road**
                              **Boca Raton, FL 33432**

Within twenty (20) days after service of this Summons on that Defendant, exclusive on the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated this ____ day of _____ SEP 17 2021 .

Clerk of said Court

By:_____
       Deputy C

**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CASE NO.:   CACE21-17405

FREDERICK HUGHES,

     Plaintiff,

vs.

RACETRAC PETROLEUM. INC.,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, FREDERICK HUGHES, sues the Defendant, RACTRAC PETROLEUM,

INC. (hereinafter "RACETRAC") , and alleges:

## JURISDICTION AND VENUE

1.     This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars.

2.     At all times material hereto, Plaintiff, FREDERICK HUGHES, was a resident of

Broward County, Florida.

3.     At all times material hereto, Defendant, RACETRAC, is a foreign profit

corporation, providing fuel and food, authorized to do business and doing business in Broward

County and the State of Florida

## GENERAL FACTS

4.     The incident that gives rise to this cause of action occurred on January 18, 2020,

at RaceTrac located at 2300 W. Broward Blvd., Ft. Lauderdale, Florida 33312.

5.      At all times material hereto, the Defendant, RACETRAC, managed, operated, controlled and maintained the business premises, including all land, buildings and common areas, known collectively as RaceTrac, which provides fuel and food, located at 2300 W. Broward Blvd., Ft. Lauderdale, Florida 33312.

6.      On January 18, 2020, the Plaintiff, FREDERICK HUGHES, was an invitee to the premises owned and/or operated by the Defendant, RACETRAC.

7.      After the Plaintiff, FREDERICK HUGHES, arrived at RaceTrac, an altercation arose on the property owned and/or operated by the Defendant, RACETRAC, including but not limited to individuals shooting one or more guns.

8.      Thereafter, the Plaintiff, FREDERICK HUGHES, while sitting in a black Infiniti G50, in the parking lot of RACETRAC, was shot and suffered serious and permanent injuries.

## NEGLIGENCE OF DEFENDANT, RACETRAC

The Plaintiff readopts and realleges all prior paragraphs referenced hereinabove and further alleges:

9.      At all times material hereto, the Defendant, RACETRAC, owed a duty of reasonable care to their invitees in maintaining, operating, and managing its premises.

10.     At all times material hereto, the Defendant, RACETRAC, knew or should have known that there was a dangerous condition existing on the premises; to wit: the occurrence and frequency of crime.

11.     At all times material, Defendant, RACETRAC, exercised dominion and control over the functioning of the parking lot and/or the common areas that included the parking lot.

12.     The unreasonably dangerous condition created by inadequate, careless and negligent security on the premises was known to Defendant, its agents and employees, or existed for a sufficient time so that such should have been known through the use of reasonable care based upon prior notice of similar acts and/or the high rate of crime.

13.     As a result of the negligence set forth herein above, the Plaintiff, FREDRICK HUGHES, was shot due to the actions of an intentional tortfeasor while he was sitting in a black Infinity G50 located within the parking lot of RACETRAC.

14.     As a direct and proximate result of the negligence of the Defendant, RACETRAC, the Plaintiff suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, surgery, medical and nursing care and treatment, loss of earnings and loss of ability to earn money in the future. The losses are either permanent or continuing, and the Plaintiff, FREDERICK HUGHES, will suffer the losses in the future.

WHEREFORE, the Plaintiff, FREDERICK HUGHES, demands judgment against the Defendant, RACETRAC, for damages, costs, and further demands trial by jury of all the issues so triable as a matter of right.

WE HEREBY CERTIFY on this 15th day of September, 2021, that the foregoing was electronically filed with the Clerk of the Courts by use of the EPF system.

BROTMAN NUSBAUM IBRAHIM
& ADELMAN
137 West Royal Palm Road
Boca Raton, FL 33432
Email: joe@fayvbni.com

By: _____
JOSEPH N. NUSBAUM
FLA. BAR NO. 114715

BROTMAN NUSBAUM
IBRAHIM & ADELMAN
137 West Royal Palm Road • Boca Raton, FL 33432

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CASE NO.:   CACE21-17405

FREDERICK HUGHES,

     Plaintiff,

vs.

RACETRAC PETROLEUM. INC.,

     Defendant.

_____ /

## PLAINTIFF'S NOTICE OF DESIGNATION OF E-MAIL ADDRESSES

**PLEASE TAKE NOTICE** that the undersigned counsel for the Plaintiff files this Notice of Designation of E-Mail Addresses, pursuant to Rule 2.516(b) (1), and hereby designates the following primary and secondary email addresses for email service of pleadings directed to **Joseph N. Nusbaum** in the above-referenced litigation:

     **Primary email address:**     joe@lawbni.com

     **Secondary email address:**     michele@lawbni.com
                                                      elvia@lawbni.com

**WE HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of the Courts by use of the ECF system this 15 day of September, 2021, served with the Summons and Complaint.

     **BROTMAN NUSBAUM IBRAHIM**
        **& ADELMAN**
     **137 West Royal Palm Road**
     **Boca Raton, FL 33432**
     **Telephone: 561-417-5656**
     **Email:** joe@lawbni.com

     **By:** _____
             **JOSEPH N. NUSBAUM**
             **FLA. BAR NO.: 114715**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CASE NO.:  CACE21-17405

FREDERICK HUGHES.

    Plaintiff,

vs.

RACETRAC PETROLEUM. INC.,

    Defendant.

                     /

## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT, RACETRAC PETROLEUM, INC.

The Plaintiff. FREDERICK HUGHES. by and through the undersigned counsel and

pursuant to Rule 1.370 of the Florida Rules of Civil Procedure. files this Request for Admissions

to Defendant, RACETRAC PETROLEUM, INC., and requests that Defendant admit or deny the

following:

## DEFINITITIONS

    (a)    **"You" or "Your"** means Defendant, individually and its respective agents
and/or employees and/or servants.

    (b)    **"Subject premises"** means the premises known as RaceTrac located at or about
2300 W. Broward Blvd., Ft. Lauderdale, Broward County. Florida.

    (c)    **"Subject incident"** means the incident described in Plaintiff's Complaint.

    (d)    **"Common areas of the subject premises"** means areas inside the store that is
accessible to customers.

    (e)    **"Document"** means the original (or exact copies) and drafts (if not identical to
the original) of written. printed. recorded. or graphic matter. however produced or reproduced, of
any kind or description and any electronically, magnetically, or computer stored information not
existing in hard copy. The term "document" is used in its customary broad sense to include, by
way of illustration only and not by way of limitation, all correspondence, records and notes of
meetings and conversations, telephone messages, inter-office and intra-office communications,
memoranda. minutes. notes. calendars, diaries, appointment books, journals, accounts, ledgers,

invoices, statements, receipts, checks, records, files, contracts, offers, inquiries, articles, announcements, plans, specifications, models, diagrams, drawings, maps, charts, graphs, forecasts, studies, reports, summaries, compilations, appraisals, bulletins, photographs, microfilm, tapes, audio or video recordings, and any other form of recording upon any tangible thing. The term "document" also includes any non-identical copies, which are different from the original by reason of any notation made on such copies or otherwise.

(f)     **"ESI"** (Electronically Stored Information) means all materials including, but not limited to, all electronic, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings), and information stored on a computer, laptop, handheld computer device, disk, CD, DVD, and any mechanical recording or production of any oral material.

## REQUEST FOR ADMISSIONS

1.      You had a functioning store security video camera system that recorded the exterior common areas of the subject premises on the date of the subject incident.

2.      Images and/or video of the incident sued upon involving FREDERICK HUGHES was captured by one or more store security video cameras.

3.      Images and/or video of the incident sued upon involving FREDERICK HUGHES was not captured by one or more store security video cameras.

4.      The Defendant is in possession of video and/or images from store security video cameras of the incident sued upon.

5.      Defendant's security video camera captured the incident sued upon, but you did not preserve the video and/or images, or such evidence is no longer in the possession, control or custody of Defendant, its agents, servants, employees and/or attorneys.

**WE HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of the Courts by use of the ECF system this _____ day of September, 2021, served with the Summons and Complaint.

> BROTMAN NUSBAUM IBRAHIM
> & ADELMAN
> 137 West Royal Palm Road
> Boca Raton, FL 33432
> Telephone: 561-417-5656
> Email: joe@lawbni.com
>
> By: _____
>      JOSEPH N. NUSBAUM
>      FLA. BAR NO.: 114715

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CASE NO.:   CACE21-17405

FREDERICK HUGHES,

     Plaintiff,

vs.

RACETRAC PETROLEUM. INC.,

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

The Plaintiff, FREDERICK HUGHES, by and through the undersigned counsel, pursuant to Florida Rules of Civil Procedure 1.350, requests the Defendant, RACETRAC PETROLEUM, INC. (hereinafter "RACETRAC"), to produce the following items for inspection at the office of the undersigned within 45 days:

1.    Any and all incident reports concerning the shooting that occurred at or near the RACETRAC located at 2300 W. Broward Blvd., Ft. Lauderdale, Florida 33312 (hereinafter referred to as the "subject premises") on January 18, 2020, (hereafter referred to as the "subject incident") wherein Plaintiff, FREDERICK HUGHES, was the victim.

2.    Any and all names listed in any subject incident report, as well as all addresses and phone numbers for such names.

3.    Any and all written and recorded statements given by eyewitnesses regarding the subject incident.

4.    Any and all written and recorded statements given by anyone working at the subject premises regarding the subject incident.

5.    Any and all written and recorded statements given by Plaintiff regarding the subject incident.

6.      Any and all of Defendant's policies and procedures handbooks, manuals and lists, etc. in effect at the time of the subject incident and pertaining to and/or applicable to the location on Broward Blvd., Ft. Lauderdale, Broward County, Florida.

7.      Any and all of Defendant's employee handbooks, manuals, procedures and lists, etc. in effect at the time of the subject incident and pertaining to and/or applicable to the location on Broward Blvd., Ft. Lauderdale, Broward County, Florida.

8.      Any and all of Defendant's security policies, procedures, lists, guidelines, manuals, handbooks, etc. in effect at the time of the subject incident and pertaining to and/or applicable to the location on Broward Blvd., Ft. Lauderdale, Broward County, Florida.

9.      Any and all of Defendant's emergency rules, procedures, lists, handbooks, manuals, guidelines, etc. in effect at the time of the subject incident and pertaining to and/or applicable to the location on Broward Blvd., Ft. Lauderdale, Broward County, Florida.

10.     Any and all of Defendant's customer safety policies and procedures handbooks, manuals, lists, etc. in effect at the time of the subject incident and pertaining to and/or applicable to the location on Broward Blvd., Ft. Lauderdale, Broward County, Florida.

11.     Any and all of Defendant's internal procedures relating to what to do in case of an armed shooting at or in the vicinity of RACETRAC in effect at the time of the subject incident and pertaining to and/or applicable to the location on Broward Blvd., Ft. Lauderdale, Broward County, Florida.

12.     Any and all written communications, emails, memos, etc. received by Defendant from anyone in the five (5) year period prior to the subject incident related to either crimes and/or shootings occurring at or near the subject RACETRAC and/or security, security policies, procedures and/or measures implemented by RACETRAC.

13.     Any and all written communications, emails, memos, etc. sent by Defendant to anyone in the five (5) year period prior to the subject incident related to either crimes and/or shootings occurring at or near the subject RACETRAC and/or security, security policies, procedures and/or measures implemented by RACETRAC.

14.     Any and all written communications, emails, memos, etc. received by Defendant from any other RACETRAC affiliate for the five (5) year period prior to the subject incident related to either shootings or crime occurring at or near a RACETRAC and/or security policies, procedures and/or measures implemented by a RACETRAC.

15.     Any and all written communications, emails, memos, etc. sent by Defendant to any other RACETRAC for the five (5) year period prior to the subject incident related to either shootings or crime occurring at or near a RACETRAC and/or security policies, procedures and/or measures implemented by RACETRAC.

16.     Any and all written communications, emails, memos, etc. received by Defendant from any law enforcement agency for the five (5) year period prior to the subject incident related to either shootings or crime occurring at or near the subject RACETRAC and/or security policies, procedures and/or measures implemented by RACETRAC.

17.     Any and all written communications, emails, memos, etc. sent by Defendant to any law enforcement agency for the five (5) year prior to the subject incident related to either shootings or crime occurring at or near the subject RACETRAC and/or security policies, procedures and/or measures implemented by RACETRAC.

18.     Any and all contracts and/or written agreements between the Defendant and any company, entity or person(s) which provided security at and/or near the subject premises (inside or outside) at the time of the subject incident and/or in the five (5) year period prior to the subject incident.

19.     Any and all contracts and/or written agreements between the Defendant and any company, entity or person(s) which currently provide security at the subject premises (inside or outside).

20.     Time sheets/cards of all of Defendant's employees who were working at the subject premises on the date and time of the subject incident.

21.     A blueprint, drawing or diagram which depicts the interior of the subject premises on January 18, 2020.

22.     A blueprint, drawing or diagram which depicts the exterior of the subject premises, including its parking lot, on January 18, 2020.

23.     Any and all written correspondence, emails, or memorandums between Defendant and any law enforcement agency regarding the subject incident.

24.     Any and all written correspondence, emails, or memorandums between the Defendant and any news media and/or press regarding the subject incident.

25.   Any and all written correspondence between Defendant and Plaintiff.

26.   Any and all security and/or surveillance videos or still photographs depicting any of the events and/or persons involved in the subject incident.

27.   Any and all incident reports of the Defendant for any and all crimes which occurred at or near the subject premises for the five (5) years prior to the date of the subject incident.

28.   Any and all security surveys ever conducted by or on behalf of Defendant for the address and/or geographic area where the subject premises is located.

29.   Any and all reports and summaries of reports prepared by experts of the Defendant who are expected to testify at the trial of this cause.

30.   Any and all documents, evidence, etc. of Defendant which shows all efforts made by Defenldant at or before the time of the subject incident to protect customers, including Plaintiff, at the subject premises.

31.   Any and all documents, evidence, etc. of Defendant which shows all efforts made by Defendant at the time of the subject incident to secure the subject premises.

32.   Any and all documentation which support any and all of Defendant's Affirmative Defenses.

33.   Any and all documentation or materials that the Defendant intends to introduce as evidence at the trial of this cause.

34.   Copies of all insurance contracts, declaration sheets and insurance policies pertinent to this lawsuit, including any umbrella coverage.

35.   Any and all training materials utilized by Defendant as of the date of the subject incident, for its employees, that in any way relates to safety and/or security at the subject premises.

36.   Any and all contracts and/or written agreements between Defendant and any property management company or landlord or other person/entity in effect at the time of the subject incident relating to the subject premises.

As good cause for this Request, Plaintiff would show unto the Court that the documents requested are in the care, custody and control of the Defendant's agents, servants, employees, insurance companies or attorneys, and the Plaintiff cannot secure the equivalent of same. Said material is relevant and material to the issues in this lawsuit and the Plaintiff.

**WE HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of the Courts by use of the ECF system this _15th_ day of September, 2021, served with the Summons and Complaint.

> BROTMAN NUSBAUM IBRAHIM
> & ADELMAN
> 137 West Royal Palm Road
> Boca Raton, FL 33432
> Telephone: 561-417-5656
> Email: joe@lawbni.com
>
> By: _____
>     JOSEPH N. NUSBAUM
>     FLA. BAR NO.: 114715

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CASE NO.:     CACE21-17405

FREDERICK HUGHES.

    Plaintiff,

vs.

RACETRAC PETROLEUM. INC.,

    Defendant.

_____/

## PLAINTIFF'S INITIAL INTERROGATORIES TO
## DEFENDANT, RACETRAC PETROLEUM, INC.

The Plaintiff, FREDERICK HUGHES, by and through the undersigned counsel, propounds the attached Interrogatories to Defendant, RACETRAC PETROLEUM, INC. (hereinafter referred to as "RACETRAC"), and requests that the same be answered fully in writing under oath, within the time and manner prescribed by the Florida Rules of Civil Procedure.

**WE HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of the Courts by use of the ECF system this ___5th___ day of September, 2021, served with the Summons and Complaint.

                    BROTMAN NUSBAUM IBRAHIM
                       & ADELMAN
                    137 West Royal Palm Road
                    Boca Raton, FL 33432
                    Telephone: 561-417-5656
                    Email: joe@lawbni.com

                    By: _____
                      JOSEPH N. NUSBAUM
                      FLA. BAR NO.: 114715

**BROTMAN NUSBAUM
IBRAHIM & ADELMAN**

137 West Royal Palm Road • Boca Raton, FL 33432

## PLAINTIFF'S INITIAL INTERROGATORIES TO
## DEFENDANT, RACETRAC, INC.

1.  What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.  Is the Defendant, RACETRAC PETROLEUM, INC. (hereinafter "RACETRAC"), the properly named defendant for purposes of bringing the instant lawsuit? If not, please state the name of the entity that is responsible for the acts of negligence, if proven, as set forth in the Complaint, including the name and address of the registered agent.

3.  State the name(s) and address(es) of all owners, lessors, and lessees of the RACETRAC located at 2300 W. Broward Blvd., Ft. Lauderdale, Broward County, Florida (**"hereinafter referred to as the "subject premises"**) at the time of the incident sued upon (**"incident sued upon" is the shooting on January 18, 2020 that is referenced in the Complaint**).

4.  State the name, job title, last known address and phone number of any and all of Defendant's employees and/or servants and/or agents and/or independent contractors who were working at the subject premises at the time of the incident sued upon, and as to each, whether such person currently works for and/or has an ongoing work relationship with this Defendant.

5.  State the name, job title, last known address and phone number of any and all of Defendant's employees who worked at the subject premises in the five (5) year period prior to the incident sued upon, and as to each, whether such person currently works for and/or has an ongoing work relationship with this Defendant.

6.  Please identify the names and addresses of all other businesses in the State of Florida that were either owned or managed by Defendant in the five (5) year period prior to the date of the incident sued upon, indicating the nature or type of business, length of time in which Defendant either owned or managed each business, and the extent to which any security personnel services and/or security measures were provided at any of those businesses during that timeframe.

7. State, in detail, all crimes that occurred at the subject premises for the five (5) year period prior to the date of the alleged occurrence, and as to each please state:

    A)    The nature or type of the crimes;

    B)    The dates and times of each crime;

    C)    What occurred in regard to each crime?

    D)    The names, last known addresses and positions of any of Defendant's employees (past or present) who were present at the subject premises for any of the above-listed crimes, indicating whether each employee currently works for Defendant.

8. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

9. State the names, addresses, and telephone numbers of all persons who Defendant has obtained either a written or recorded statement regarding the subject incident, and include the date of the statements, the type of statements, the name, address and position of the person taking the statements, and the present custodian of the statement.

10. State the facts upon which you rely for each affirmative defense in your answer.

11. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13. Was any portion of the subject incident captured on video and/or any other type of image recording device by RACETRAC or anyone else? If so, please state whether the video and/or images still exist, the length of the video, as well as the name, address, and position of the person who currently has custody of the videotape and/or any recorded images.

14. State, in detail, the extent of any and all security efforts, measures, policies and/or procedures that were in place or effect at the time of the subject incident for the subject premises, including but not limited to what was done to keep customers safe from crime while on the premises.

15. Please state if RACETRAC has ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter wherein there was an allegation that someone on the premises of a RACETRAC was injured or killed as a result of a lack of security and/or insufficient security and/or a failure to adhere to security policies and/or procedures, and, if so, state the nature of the action, and the date and court in which such suit was filed.

16. In the five (5) year period prior to the subject incident, did RACETRAC make any efforts to determine the existence and/or frequency of crime in and/or around the subject premises? If so, state the name, employer, last known address, and phone number of all persons who were involved in such efforts, as well as whether any record and/or report and/or documentation and/or electronic data was created in relation thereto.

17. Prior to the subject incident, did Defendant ever conduct a security survey and/or analysis of security needs for the subject premises and/or the surrounding geographic area? If so, please indicate the dates of all surveys and/or analysis; the names and addresses of any persons or company conducting the survey; and the results of the survey and/or analysis.

18. Prior to the subject incident, did Defendant either ever have security guard(s) or a security company at the subject premises, if so, state the name and address of the security guards or company; and the dates and times in which the security guards or company worked for Defendant at the subject premises.

19. Prior to the subject incident, did Defendant ever consider, contemplate and/or obtain any bids or proposals for the hiring of security personnel and/or guards and/or acquisition and/or upgrade of any security measures for the subject premises? If so, state the dates in which this was done; and the name, last known address and position of Defendant's employees who did this, and whether Defendant has possession of any such security bid and/or proposals and/or evidence of such efforts.

20. Please identify any and all training given and/or policies and procedures provided to Defendant's employees for the five (5) years prior to the incident sued upon as it relates to either security at the subject premises and/or the protection and safety of patrons or customers at the subject premises, and/or the prevention and/or deterrence of crime at the subject premises.

21. Please identify any and all security policies and procedures that have changed since the subject incident at the subject premises, indicating the reasons for such changes, the dates of such changes, and the name, position and last known address of the person(s) responsible for making such changes.

22. Please identify any and all policies and procedures relating to customer safety that have changed since the subject incident at the subject premises, indicating the reasons for such changes, the dates of such changes, and the name, position and last known address of the person(s) responsible for making such changes.

23. Please identify and describe any and all contracts and/or agreements, written and/or oral agreements and/or course of practice, that were in effect between RACETRAC and any other entity at the time of the subject incident, and pertaining to the subject premises, indicating the dates of each contract, the signors of each contract, and the terms of each contract and/or agreement.

24. Please identify and describe any and all contracts, written or oral agreements that were in effect between RACETRAC and either a property management company and/or landlord at the time of the subject incident for the subject premises, indicating the dates of each contract, the signors of each contract, and the terms of each contract.

25. Identify all RACETRAC policies, procedures, training materials, manuals, documentation, memorandums, protocols, etc. regarding security at the subject premises, whether oral or written, in existence in the five (5) year period prior to and including the date of the subject incident and in any way pertaining to the subject premises and/or the RACETRAC business located therein.

26. Identify, sufficient for same to be requested in a Request for Production, all RACETRAC policies, procedures, training materials, manuals, documentation, memorandums, protocols, etc. regarding customer safety at the subject premises that were in place on the date of the subject incident.

27. Do you contend any person or entity other than you, is or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

28. Describe any and all policies of insurance which you contend cover or may cover RACETRAC for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy, including any excess or umbrella insurance, which would or might inure to the benefit of the Plaintiff herein, by providing for payment of a part or all of any judgment rendered in favor of the Plaintiff against any Defendant or against any other person, firm or corporation who is or may be liable to the Plaintiff by reason of the incident described in the Complaint.

## JURAT PAGE

BY_____
     **RACETRAC, INC.**

**Print Name** _____

**Print Title** _____

**STATE OF FLORIDA**

**COUNTY OF**_____

        **BEFORE ME,** the undersigned authority, personally appeared _____, who, being duly sworn deposes and says that the Answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

[ ]   personally known to me; or
[ ]   produced a Fla. Driver's License No. _____ as identification

        **SWORN TO AND SUBSCRIBED** before me this _____ day of _____, 20 _____.


_____
**Notary Public, State of Florida**


**My Commission Expires:**


_____
**BROTMAN NUSBAUM
IBRAHIM & ADELMAN**
137 West Royal Palm Road • Boca Raton, FL 33432

# IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No: 21-17403

Frederick Hughes

Plaintiff

Judge Division: OS

VS

Racetrac Petroleum Inc

Defendant

FILED SEP 17 2021 By

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73Civ/2020–74–UFC: "ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: None

Brenda D. Forman
Circuit and County Courts

By

Deputy Clerk

## RETURN OF SERVICE

State of Florida                    County of BROWARD                    Circuit Court

Case Number: 21-017405-05

Plaintiff:
**FREDERICK HUGHES**

vs.

Defendant:
**RACETRAC PETROLEUM,INC.**



For:
JOSEPH NUSBAUM
BROTMAN NUSBAUM IBRAHIM,P.A.
137 WEST ROYAL PALM ROAD
BOCA RATON, FL 33432

Received by Bruce L. Walther on the 17th day of September, 2021 at 4:01 pm to be served on **Racetrac Petroleum inc., 801 U.S.Highway One, North Palm Beach, FL 33408**.

I, BRUCE L.WALTHER, do hereby affirm that on the **20th day of September, 2021** at **11:42 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons/Complaint/Request to Produce/Request for Interrogatories/Request for Admissions/Designation of Email Address** with the date and hour of service endorsed thereon by me, to: **CRYSTAL PARKER CORPORATE CREATIONS as REG.AGENT** for **Racetrac Petroleum**, at the address of: **801 U.S.Highway One, North Palm Beach, FL 33408**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury,Ideclare that I have read the foregoing affidavit and that the facts stated are true.Nortorization is not required pursuant to F>S>92.525(2)

**BRUCE L.WALTHER**
SPS #131, CPS #140, #355

**Bruce L. Walther**
**P.O. Box 4529**
**Tequesta, FL 33469**
**(561) 312-6014**

Our Job Serial Number: BWT-2021000860

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

FREDERICK HUGHES,

                 Plaintiff,

v.

RACETRAC PETROLEUM, INC.,

               Defendant.

**CASE NO. CACE 21 017405 (05)**

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES

PLEASE TAKE NOTICE that the Law Firm of **GAEBE, MULLEN, ANTONELLI, & DIMATTEO**, files this Notice of Appearance on behalf of Defendant, RACETRAC PETROLEUM, INC., and hereby directs that all email service of pleadings and papers filed in this action, pursuant to Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Papers effective as of September 1, 2012), be emailed to:

1. Devang Desai, Esq.      -      ddesai@gaebemullen.com

2. Georgette Barker-Lopez, Asst.      -      gbarker@gaebemullen.com

3. Daniel C. Dresch, Esq.      -      ddresch@gaebemullen.com

4. Raquel Galindo, Asst.      -      rgalindo@gaebemullen.com

5. Linda Beggs, Paralegal      -      lbeggs@gaebemullen.com

**CERTIFICATE OF SERVICE TO FOLLOW ON NEXT PAGE**

Case No.: CACE 21 017405 (05)
Page 2

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document has been furnished to **Joseph N. Nusbaum, Esq.,**
**joe@lawbni.com michelle@lawbni.com and elvia@lawbni.com** BROTMAN NUSBAUM
IBRAHIM & ADELMAN, *Attorneys for Plaintiff*, 137 West Royal Palm Road, Boca Raton,
Florida 33432, by U.S. Mail, e-mail and/or e-Portal, on **October 11, 2021**.

By: _____ ***s/ Devang Desai***_____
DEVANG DESAI, ESQ. - FBN: 664421
ddesai@gaebemullen.com
gbarker@gaebemullen.com (secondary)
DANIEL C. DRESCH, ESQ. - FBN: 84966
ddresch@gaebemullen.com
rgalindo@gaebemullen.com (secondary)
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844
**ATTORNEYS FOR RACETRAC PETROLEUM, INC.**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

FREDERICK HUGHES,

                    Plaintiff,

v.

RACETRAC PETROLEUM, INC.,

           Defendant.

**CASE NO. CACE 21 017405 (05)**

### DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES

Defendant, RACETRAC PETROLEUM, INC. ("RaceTrac"), by and through undersigned counsel, hereby files its Answer & Affirmative Defenses, and states:

### Jurisdiction and Venue

1.    Admitted for jurisdictional purposes only.  It is denied that Plaintiff is entitled to any recovery.

2.    Without knowledge, therefore denied.

3.    Admitted.

### General Facts

4.    Admitted that an incident occurred at RaceTrac located at 2300 W. Broward Blvd., Ft. Lauderdale, Florida 33312 on 1/17/20.  All else is denied.

5.    Admitted that Defendant operated a business at the property located at 2300 W. Broward Blvd., Ft. Lauderdale, Florida 33312 on 1/17/20.  All else is denied.

6.    Denied.

7.    Admitted that a shooting incident occurred at 2300 W. Broward Blvd., Ft. Lauderdale, Florida 33312 on 1/17/20.  All else is denied.

8.    Without knowledge, therefore denied.

### Negligence of Defendant, RaceTrac

Defendant readopts and reasserts all prior responses to the prior paragraphs referenced

Case No.: CACE 21 017405 (05)
Page 2

hereinabove.

9.      Admitted Defendant owed a duty of reasonable care to its invitees as specified by

Florida law.  All else is denied.

10.     Denied.

11.     Admitted that Defendant operated a business at premises located at 2300 W. Broward

Blvd., Ft. Lauderdale, Florida 33312 on 1/17/20.  All else is denied.

12.     Denied.

13.     Denied.

14.     Denied.

Defendant denies Plaintiff is entitled to the relief sought in its WHEREFORE CLAUSE.

**DEFENDANT DEMANDS TRIAL BY JURY.**

## Affirmative Defenses

The Defendant further responds to the allegations in Plaintiff's Complaint by way of the

following Affirmative Defenses:

1.      Plaintiff's claims against this Defendant, if any, are barred, either in whole or in part,

where Plaintiff's own negligence was the sole and proximate cause of his damages.  Alternatively, to

the extent the Plaintiff's recover against this Defendant, such recovery shall be proportionately

reduced by Plaintiff's comparative negligence.

2.      Plaintiff's claims against this Defendant, if any, are barred, either in whole or in part,

by the doctrines of laches and estoppel.

3.      Plaintiff's claims against this Defendant, if any, are barred, either in whole or in part,

where Plaintiff's damages were caused solely by the acts of Third Parties over which this Defendant

Case No.: CACE 21 017405 (05)
Page 3

had no control, authority, or responsibility, and with which this Defendant had no special relationship. The Defendant further reserves the right to name such Third Parties on the verdict form pursuant to *Fabre/Mesmer*. To the extent the Plaintiffs recover against this Defendant, such recovery shall be reduced pursuant to the fault attributable to such Third Parties.

4. Plaintiff's claims against this Defendant, if any, are barred, either in whole or in part, where Plaintiff's damages were caused solely by the acts of other parties to this lawsuit over which this Defendant had no control, authority, or responsibility. To the extent the Plaintiffs recover against this Defendant, such recovery shall be reduced pursuant to the fault attributable to such parties.

5. Defendant asserts that it is entitled to a set-off for the amount of medical bills that were written off by medical providers who examined and/or treated Plaintiff pursuant to their contracts with medical/health insurers or governmental or public health programs. *Goble v. Frohman*, 848 So. 2d 406 (Fla. 2d DCA 2002), *aff'd* 901 So. 2d 830 (Fla. 2005).

6. In the event Plaintiff recovers from this Defendant, such recovery shall be reduced pursuant to any collateral source benefits paid or payable to the Plaintiff, as defined by applicable Florida law.

7. Plaintiffs' claims against this Defendant, if any, are barred, either in whole or in part pursuant to Fla. Stat. § 768.36 should it be determined that at the time of the accident Plaintiff was under the influence of any alcoholic beverage or drug to the extent that the Plaintiff's normal faculties were impaired or the Plaintiff had a blood or breath alcohol level of 0.08 percent or higher, and as a result of the influence of such alcoholic beverage or drug the plaintiff was more than 50 percent at fault for her own harm.

8. Plaintiff's claims against this Defendant, if any, are barred, either in whole or in part,

Case No.: CACE 21 017405 (05)
Page 4

where Plaintiff's damages, if any, were the result of a separate and distinct intervening cause, over which this Defendant had no control.

9.      The Plaintiff's alleged damages herein, if any, resulted from the Plaintiff's own actions for which he assumed the risk of same, acknowledged the risk of same, and this Defendant is therefore not liable for same as pled in the Amended Complaint.

10.     Any condition of the premises alleged to have played a role in the causation of the Plaintiff's alleged damages herein, if any, was an open and obvious condition and one that the Plaintiff was fully aware of on an equal basis with this Defendant and therefore there was no duty to warn and no liability to the Defendant under said theory.

11.     Defendant reserves the right to amend this Answer and add, delete, or modify its affirmative defenses based upon any information learned through discovery.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to **Joseph N. Nusbaum, Esq.,** joe@lawbni.com michelle@lawbni.com **and** elvia@lawbni.com   BROTMAN NUSBAUM IBRAHIM & ADELMAN, *Attorneys for Plaintiff*, 137 West Royal Palm Road, Boca Raton, Florida 33432,  by U.S. Mail, e-mail and/or e-Portal, on **October 11, 2021**.

By: ___  *s/ Devang Desai* _____

DEVANG DESAI, ESQ. - FBN: 664421
ddesai@gaebemullen.com
gbarker@gaebemullen.com (secondary)
DANIEL C. DRESCH, ESQ. - FBN: 84966
ddresch@gaebemullen.com
rgalindo@gaebemullen.com (secondary)
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida  33146
T. (305) 667-0223 / F. (305) 284-9844
**ATTORNEYS FOR RACETRAC PETROLEUM, INC.**